■ In the Matter of the Claim of PAULINE ALBARELLA, Respondent, v. GLICK DEVELOPMENT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of death benefits on the ground that decedent's death did not result from an industrial accident. Decedent, aged 71, was employed as the night watchman on a construction site in Brooklyn. On March 2, 1960 decedent reported for work at 11:30 P.M. The night was very cold and blustery, and the weather bureau statistics indicate 12.5 inches of snow fell during the night. At 2:00 A.M. decedent hailed two passing patrolmen and notified them that two men were acting suspiciously near the fence at the rear of the project and that he feared a possible entry. Decedent was observed to be very excited, and, in fact, one officer testified that he was so upset he was barely coherent. The patrolmen investigated and told the two men to move on. They then returned and told decedent what had transpired, but "He was still excited and upset" and requested the officers to remain. They stated they could not but promised to pass by from time to time during the night. Although the patrolmen did drive by on two later occasions, they never saw decedent. At 7:30 A.M. decedent was discovered lying in the snow 100 feet from the main gate with his flashlight near his body. Medical testimony indicated he had been dead about two hours and an autopsy listed the cause of death as "occlusive coronary arteriosclerosis; cardiac hypertrophy". There was evidence that shanties used to store workmen's tools had been forceably entered and that tools were scattered about nearby. Appellants urge that decedent's activities did not entail greater exertion than that involved in the ordinary wear and tear of life and that, therefore, the test established in *Matter of Burris* v. *Lewis* (2 N Y 2d 323) had not been met. There is authority that physical injuries resulting from undue anxiety or emotional stress are compensable, especially where as here, in addition, physical and environmental stresses such as the blustery, stormy night are present (*Matter of Klimas* v. *Trans Cariobean Airways,* 10 N Y 2d 209). And this is so whether

the strain or stress is sudden or prolonged (*Matter of Antonini* v. *Progressive Electronics,* 15 A D 2d 842). On the present record we cannot say that the requirement of unusual or excessive strain has not been satisfied. The fact, as urged by appellants, that other watchmen by the very nature of their work are apprehensive about possible foul play is not dispositive (see *Matter of Meit* v. *P. S. & M. Catering Corp.,* 5 A D 2d 1024). Similarly while claimant had a pre-existing condition which lead to conflicting medical opinions as to the cause of death and the effect of the alleged incident on decedent's demise, in the final analysis we find substantial evidence to support the board's determination (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529). Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.